IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SAMANTHA CONNER                                                       PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:22-CV-188-SA-RP

NOXUBEE COUNTY BOARD
OF SUPERVISORS                                                  DEFENDANT

ORDER

Noxubee County Board of Supervisors ("the County") has filed a Motion *in Limine* [34]. Plaintiff Samantha Conner has not responded to the Motion [34], but her time her to do so has passed.[1] The Court is prepared to rule.

*Motion in Limine Standard*

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *King v. Cole's Poultry, LLC*, 2017 WL532284, at *1 (N.D. Miss. Feb. 9, 2017) (quoting *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015)) (additional citations omitted). Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Harkness*, 2015 WL 631512 at *1. Accordingly, "[e]videntiary rulings 'should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *King*, 2017 WL 532284 at *1 (quoting *Rivera v. Salazar*, 2008 WL 2966006, at *1 (S.D. Tex. July 30, 2008)) (additional citations omitted).

---

[1] The Court notes that Conner has responded to the Motion's [34] argument regarding the recording in her Trial Brief [59]. The Court sees no need to fully address her response for the reasons discussed herein.

*Analysis and Discussion*

In its Motion [34], the County seeks to exclude several broad categories of evidence and one specific piece of evidence. The Court will begin with the broad requests.

I.      *Broad Categories of Evidence*

In its Motion [34], the County requests to exclude: (1) references to unrelated litigation in which the County may be a party; (2) "golden rule arguments" that request the jury place themselves in the plaintiff's position; (3) evidence not identified in the final pretrial order; and (4) hearsay.[2]

Importantly, "the purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *King*, 2017 WL 532284 at *7 (quoting *Maggette v. BL Development Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 27, 2011)) (emphasis in original). This Court has also held that a motion that "[s]ets forth a lengthy laundry list of matters, most of them of a highly vague nature … constitutes an improper 'shotgun' motion which fails to meet this court's standards for motions *in limine*." *Estate of Wilson v. Mariner Health Care, Inc.*, 2008 WL 5255819, at *1 (N.D. Miss. Dec. 16, 2008) (additional citation omitted).

In the Court's view, the broad exclusions proposed in the Motion [34] concern well-settled principles of law and fail to identify specific issues that may arise at trial. The Court sees no need to address each of them individually, as they fall below the threshold for an appropriate motion *in*

---

[2] The Court notes that, although the County refers to a jury, this case is set for a *non-jury* trial. *See* [9].

*limine* and instead constitute an improper "shotgun" motion. Therefore, the County's requests to exclude these broad categories of evidence are denied.

  II.  *Recording of Board Meeting*

The County's Motion [34] additionally requests to exclude Conner's allegedly surreptitious recording of a Board of Supervisors meeting. The County contends that the meeting was recorded in violation of the Federal Wiretap Act, 18 U.S.C. § 2510. Specifically, the County contends that Conner recorded a meeting in which she was not a participant and that she did not have permission to record. The County further asserts that an expectation of privacy extended to the meeting, as it was an executive session. While the County's brief includes excerpts from Conner's deposition, the County has pointed to no evidence in the record to support its arguments. As such, the Court finds it appropriate to defer ruling on the admissibility of the recording until trial "so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *King*, 2017 WL 532284 at *1 (quoting *Rivera*, 2008 WL 2966006 at *1); *see also Fibre Corp. v. GSO America, Inc.*, 2006 WL 1851157, at *1-2 (S.D. Miss. June 30, 2006) (where defendants did not produce evidence necessary to relevancy determination, court denied motion *in limine* but agreed to consider the issue at trial). Accordingly, the Motion [34] is denied.

*Conclusion*

For the reasons set forth above, the County's Motion *in Limine* [34] is DENIED.

SO ORDERED, this the 16th day of February, 2024.

                /s/ Sharion Aycock
                UNITED STATES DISTRICT JUDGE