IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SAMANTHA CONNER                                                                  PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:22-CV-188-SA-RP

NOXUBEE COUNTY BOARD
OF SUPERVISORS                                                         DEFENDANT

ORDER AND MEMORANDUM OPINION

Before the Court is *pro se* plaintiff Samantha Conner's Motion for Reconsideration [75]. Noxubee County Board of Supervisors ("the Board") has responded to the Motion [75]. Conner did not file a reply, but her deadline to do so has passed. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

On December 6, 2022, Conner initiated this *pro se* action for unlawful employment discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*. Conner's Amended Complaint [6] alleged that she was terminated on the basis of her disabilities.

The Court held a bench trial on February 20 and 21, 2024. Following the bench trial, the Court entered a Memorandum Opinion [73] and Final Judgment [74] in favor of the Board, dismissing Conner's Amended Complaint [6] *with prejudice*. *See* [73]. In short, the Court found that the Board did have knowledge of Conner's mental disabilities but that her disabilities did not play a role in the Board's decision to terminate her for verbally accosting her co-workers and disregarding a directive to stop spraying Lysol.

Conner thereafter sent the Court a letter contesting a number of the factual findings in the Court's Memorandum Opinion [73]. The Court considers the letter a Motion for Reconsideration

and it is labeled as such on the docket. *See* [75]. The Board opposes the Motion [75], contending that Conner has not satisfied the standard applicable to motions to reconsider.

*Analysis and Discussion*

Rule 59(e) governs motions to alter or amend final judgments. *See T.B. by and through Bell v. Northwest Ind. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Id.* (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864-64 (5th Cir. 2003)). Rule 59(e) is "an extraordinary remedy that should be applied sparingly." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

Here, as noted, Conner's Motion [75] challenges a number of factual findings set forth in the Court's Memorandum Opinion [73]. Conner's challenges rely largely on her representations of the testimony offered at trial and her arguments regarding the credibility of witnesses. For example, in its Memorandum Opinion [73], the Court found that "[a]t the February 22, 2021 meeting, the Board called Conner into executive session and told her to stop spraying Lysol." [73] at p. 7. Challenging this finding in her Motion [75], Conner contends that "[t]his did not occur, which can be verified through all testimonies." [75] at p. 4. As another example, the Court found that "[f]ollowing the May 21, 2021 meeting, Conner called Lyles and asked if any other employee had been instructed not to spray Lysol." [73] at p. 7. In her Motion [75], Conner contends that she and Lyles testified "that they both were present before the Board when the Plaintiff was told not to spray Lysol during the peak of Covid. Therefore, there would not to have been [sic] a need to call Lyles[.]" [75] at p. 5.

Overall, Conner's Motion [75] seeks reconsideration based on evidence and arguments previously considered by the Court. The Court notes that it prepared its Memorandum Opinion [73] with the benefit of the trial transcript and exhibits, and it reviewed the evidence again in light of Conner's Motion [75]. The Court also carefully weighed the witnesses' credibility, taking Conner's testimony and arguments into consideration. *See, e.g.*, [73] at p. 17 (finding portions of Wooten's testimony incredible). Conner's Motion [75] fails to present newly discovered evidence, identify manifest errors of law or fact, or raise arguments that could not have been raised at trial. As such, Conner's Motion [75] presents no cognizable basis for relief under Rule 59(e).

*Conclusion*

For the reasons set forth above, Conner's Motion for Reconsideration [75] is DENIED.

SO ORDERED, this the 20th day of September, 2024.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE